**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., | No. 10-16254 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-286-RLH-LRL |
| v. | |
| JERRY GOODWIN, et al, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., | No. 10-17212 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-286-RLH-LRL |
| v. | |
| JERRY GOODWIN, et al, | |
| Defendant - Appellee. | |

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., | No. 10-17573 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-286-RLH-LRL |
| v. | |
| JERRY GOODWIN, et al, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| Defendant - Appellee. |
| --- |

Appeal from the United States District Court
for the District of Nevada, Las Vegas
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

Before: NOONAN and BEA, Circuit Judges, and WALTER, Senior District Judge.**

Appellant Western Oilfields Supply Co. ("Rain for Rent"), appeals: the district court's judgment, following a jury trial, in favor of Jerry Goodwin and the directed verdict dismissing Flora Goodwin from the suit; the district court's post-judgment order finding that Rain for Rent was not the prevailing party and thus not entitled to attorney's fees; and the district court's post-judgment order granting Goodwin $181,530.42 in attorney's fees. For the following reasons, we affirm the district court in all respects.

The district court did not err in excluding "lack of consideration" from the jury instruction given on promissory estoppel. "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Chuman v. Wright*, 76 F.3d 292, 294 (9th

---

** The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

Cir. 1996).  "If the instructions are challenged as a misstatement of the law, they are then reviewed de novo."  *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 933 (9th Cir. 1995) (citation omitted).  The district court properly instructed the jury on the four prima facie elements of promissory estoppel, based on California law, and was not required to further instruct the jury as to that which need not exist.  *See U.S. Ecology, Inc. v. State,* 28 Cal. Rptr. 3d 894, 901 (Cal. Ct. App. 2005) (internal citation omitted).

Rain for Rent also challenges the sufficiency of the evidence for the jury's finding that Rain for Rent had not completed its delivery and installation of an irrigation system, as a condition precedent to triggering Goodwin's obligation to pay for the system.  A jury's verdict must be upheld if it is supported by substantial evidence.  *Johnson v. Paradise Valley Unified School Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999)).  Rain for Rent failed to object to the form of the jury interrogatories at trial. Goodwin presented sufficient evidence to allow the jury to find there was a failure of a condition precedent.

The district court likewise did not err in admitting Jerry Goodwin's non-expert, firsthand testimony regarding his estimated crop yield.  A district court's decision to permit a witness offering opinion testimony to testify as a lay witness is

3

reviewed for abuse of discretion. *U.S. v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001). It was within the court's discretion to find that Goodwin's 45 years of experience as a farmer and rancher amply qualified him to provide such lay opinion. Any calculations involved in Goodwin's testimony required only rudimentary math skills and could qualify as lay opinion testimony under Fed. R. Evid. 701.

The district court did not err in granting a directed verdict for Flora Goodwin. Our review is de novo. *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d 932, 934 (9th Cir.1985). A directed verdict is proper where the evidence permits only one reasonable conclusion as to the verdict. *Meehan v. County of Los Angeles*, 856 F.2d 102, 106 (9th Cir. 1988). There was no evidence to suggest that Flora Goodwin was a legal partner or active participant in O Bar Cattle Company. Both Flora Goodwin's testimony at trial and the weight of the documentary evidence proved that she did not participate in the business at all.

Finally, the district court did not err in finding Goodwin to be the prevailing party and thus entitled to reasonable attorney's fees. "The court's determination [that] a party prevailed on a contract action is an exercise of discretion which should not be disturbed on appeal absent a clear showing of abuse." *Jackson v.*

*Homeowners Assoc. Monte Vista Estates-East*, 113 Cal. Rptr. 2d 363, 375 (Cal. Ct. App. 2001) (citation omitted).  Under Cal. Civ. Code § 1717, Goodwin is the proper "prevailing party" in this case.  Rain for Rent failed to achieve its main goal of litigation, which was to prevail on its breach of contract claim against Goodwin. Rather, Goodwin successfully defended against that claim.  The district court did not abuse its discretion in granting Goodwin reasonable attorney's fees based on his successful defense of Rain for Rent's breach of contract claim.

**AFFIRMED.**