**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRAVIS Z. GONZALES, an individual,
　　　　　*Plaintiff-Appellee*,

v.

CARMAX AUTO SUPERSTORES, LLC, a Virginia Limited Liability Company; SANTANDER CONSUMER USA, INC., an Illinois Corporation; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation,
　　　　　*Defendants-Appellants*.

No. 14-56305

D.C. No.
8:13-cv-01391-CJC-RNB

| | |
|---|---|
| TRAVIS Z. GONZALES, an individual,<br>            *Plaintiff-Appellant*,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES, LLC, a Virginia Limited Liability Company; SANTANDER CONSUMER USA, INC., an Illinois Corporation; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation,<br>            *Defendants-Appellees*. | No. 14-56842<br><br>D.C. No.<br>8:13-cv-01391-CJC-RNB<br><br><br>ORDER |

Filed January 6, 2017

Before: Stephen Reinhardt, Alex Kozinski,
and Kim McLane Wardlaw, Circuit Judges.

Order

## SUMMARY[*]

### Attorney's Fees / California Consumer Legal Remedies Act

The panel held that plaintiff Travis Gonzales was not barred from recovering appellate attorney's fees against CarMax Auto Superstores, LLC, under Section 1782 of the California Consumer Legal Remedies Act ("CLRA"), and remanded to the district court to determine in the first instance whether Gonzales qualified as a prevailing plaintiff under the CLRA and the reasonableness of the fees he requested.

Section 1782(b) of the CLRA provides that "no action for damages may be maintained under Section 1780 if an appropriate correction . . . is given . . . to the consumer within 30 days after receipt of the notice." Interpreting Section 1782, the California Court of Appeal held that no attorney's fees were recoverable in actions for damages under the CLRA unless the plaintiff's notice letter is not appropriate or timely.

The panel held that because plaintiff Gonzales sought only injunctive relief for CarMax's violation of the CLRA, CarMax's correction offer did not bar Gonzales from recovering attorney's fees. The panel held that Section 1782(b) applied only to an action for damages.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that it was relatively clear that Gonzales achieved his litigation objectives, where he was awarded summary judgment on appeal but the district court still had to enter a final judgment on remand. The panel concluded that the district court should determine in the first instance whether Gonzales was a "prevailing party" under section 1780(e) of the CLRA, and the reasonableness of Gonzales' requested attorney's fees.

## COUNSEL

Hallen D. Rosner (argued), Rosner, Barry & Babbitt, LLP, San Diego, California, for Plaintiff-Appellant/Cross-Appellee.

Kurt A. Schlichter (argued), Steven C. Shonack, Jamie L. Keeton, Schlichter & Shonack, LLP, El Segundo, California, for Defendants-Appellees/Cross-Appellants.

## ORDER

Travis Z. Gonzales seeks attorney's fees under California's Consumer Legal Remedies Act ("CLRA") in connection with these two appeals, which were consolidated for purposes of oral argument and decision. In Case No. 14-56842, we granted summary judgment to Gonzales on his CLRA and Unfair Competition Law claims. In Case No. 14-56305, we affirmed the district court's denial of attorney's fees to CarMax under Section 1780(e) of the CLRA.

Gonzales's application for appellate attorney's fees presents the following issues: (1) whether Gonzales is barred

from collecting attorney's fees because CarMax proffered an appropriate correction pursuant to Section 1782 of the CLRA; (2) whether Gonzales is a "prevailing plaintiff" under Section 1780(e) of the CLRA; (3) whether Gonzales's attorney's fee requests are reasonable.

We conclude that Gonzales is not barred from recovering attorney's fees under Section 1782 of the CLRA. Consequently, we remand to the district court to determine in the first instance whether Gonzales qualifies as a prevailing plaintiff under the CLRA and the reasonableness of the fees he has requested.

**1. CarMax's correction offer, whether it was appropriate or not, does not bar Gonzales from recovering attorney's fees.**

Under California Civil Code § 1782(b), "no action for damages may be maintained under Section 1780 [of the CLRA] if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." CarMax argues that it made a timely and appropriate CLRA correction offer, which Gonzales rejected. Therefore, according to CarMax, Gonzales is barred from recovering any fees for continuing to pursue his claims. We reject CarMax's argument.

The California Court of Appeal has "interpreted section 1782 to create a requirement analogous to exhaustion of administrative remedies" and therefore has concluded that "[a]ttorney fees are not recoverable in actions for *damages* under the CLRA unless the response to the notice letter is not an appropriate one or no response is forthcoming within the

statutory time period." *Benson v. S. Cal. Auto Sales Inc.*, 192 Cal. Rptr. 3d 67, 77 (Cal. Ct. App.), *review denied* (2015) (emphasis added). The *Benson* court, however, explicitly declined to "address the requirements for an attorney fee award based on a request for injunctive relief." *Id.* at 77–78.

In addition to actual and punitive damages, the CLRA explicitly authorizes injunctive relief, restitution, and "[a]ny other relief that the court deems proper." Cal. Civ. Code § 1780(a). In the present case, Gonzales' Second Amended Complaint did "not seek damages of any kind" on his CLRA claim, but rather sought only an "injunction prohibiting acts or practices which violate the CLRA." As the California Supreme Court noted, "section 1782, subdivision (d) contemplates the filing of a CLRA action for injunctive relief alone, and such actions are not subject to the requirements of subdivisions (a) and (b) of notice and allowance for voluntary correction," which apply only to an action for damages. *Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 301 (Cal. 2009). Because Gonzales sought only injunctive relief for violation of the CLRA,[1] CarMax's correction offer does not bar Gonzales from recovering attorney's fees.[2]

---

[1] As explained in our original opinion, CarMax violated Section 11713.18(a)(6) of the California Vehicle Code, and violations of that provision are "actionable under the Consumer Legal Remedies Act." Cal. Veh. Code § 11713.18(b); *see also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

[2] We are not presented here with the question of a plaintiff who seeks both injunctive relief and damages under the CLRA, and accordingly express no view on that issue.

**2. The district court should address whether Gonzales is a prevailing plaintiff in the first instance**

Under the CLRA, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e). Because the CLRA does not define the term "prevailing plaintiff," California courts have "adopt[ed] a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level." *Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 281–82 (Cal. Ct. App. 2006). "Under that approach, the court exercises its discretion to determine the prevailing party by analyzing which party realized its litigation objectives." *Id.* at 282 (citation and quotation marks omitted); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1169 (C.D. Cal. 2010) ("A plaintiff is the prevailing party if he or she obtained a 'net monetary recovery' or 'realized its litigation objectives,' including pursuant to a settlement agreement.") (quoting *Kim v. Euromotors W./The Auto Gallery*, 56 Cal. Rptr. 3d 780, 786 (Cal. Ct. App. 2007)).

The California Court of Appeal has also instructed, however, that "[d]eterminations of whether [a plaintiff] is a 'prevailing plaintiff' and the amount to be awarded, if any, are to be made, in the first instance, by the trial court in the sound exercise of its discretion." *Kim*, 56 Cal. Rptr. 3d at 788. Here, as CarMax argues, although Gonzales was awarded summary judgment on appeal, our opinion did not order a particular remedy—the district court must still enter a final judgment on remand. Consequently, although it is relatively clear that Gonzales "achieved his litigation objectives" on appeal, the district court should, after fashioning a remedy in conformity with our opinion, determine in the first instance

whether Gonzales qualifies as a prevailing plaintiff under Section 1780(e) of the CLRA and the reasonableness of Gonzales' requested attorney's fees in both case No. 14-56842 and 14-56305.

**IT IS SO ORDERED.**