Filed 1/20/21  Mikki v. Lifemark Group, Inc. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ILHAM MIKKI, | D076885 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00038794-CU-BC-CTL) |
| LIFEMARK GROUP, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Reversed.

Gordon Rees Scully Mansukhani and Craig Joel Mariam, Alison M. Pringle for Defendant and Appellant.

Law Offices of Douglas and Douglas Jaffe for Plaintiff and Respondent.

Defendant and appellant Lifemark Group, Inc. (Lifemark) appeals from an order awarding Ilham Mikki attorney fees under the Consumers Legal Remedies Act (Civ. Code,[1] §§ 1750-1784; the CLRA) in her lawsuit against Lifemark arising out of an alleged agreement to purchase a cemetery space.

---

[1]     Undesignated statutory references are to the Civil Code.

Mikki's operative complaint sought solely injunctive relief under the CLRA. After accepting Lifemark's Code of Civil Procedure section 998 (section 998) offer to compromise and dismissing her case with prejudice, Mikki moved for $67,000 in attorney fees. The trial court granted Mikki's motion in part, awarding $38,300 in fees after reducing the requested sum by $11,400 for fees incurred after the section 998 offer, allowing $2,700 for fees incurred for bringing the motion, and further reducing the sum by $20,000 based on apportionment. The trial court reasoned that as a practical matter, if the case had progressed Mikki would have amended her complaint to seek damages so as to permit the award of CLRA attorney fees.

Lifemark contends Mikki is not entitled to an attorney fee award under the CLRA because she did not satisfy its statutory conditions, namely, its requirement that a plaintiff make a pre-lawsuit demand for correction or amend her pleading to seek damages. It further contends Mikki is not a prevailing party because she did not obtain her requested relief under the CLRA or state any other claim. Finally, Lifemark contends that even if Mikki were entitled to a fee award, the court abused its discretion by awarding more than half of the fees she incurred.

We hold that Mikki, who sued under the CLRA for solely injunctive relief and whose section 998 compromise offer was silent on the question of damage, is as a matter of law precluded from qualifying as a prevailing party for purposes of recovering CLRA attorney fees. She cannot establish she suffered some damage within the meaning of the CLRA and *Meyer v. Sprint*

*Spectrum L.P.* (2009) 45 Cal.4th 634, which requires that she do so in order to obtain CLRA attorney fees.[2]  We reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2018, Mikki and her husband sued Lifemark, a cemetery owner/operator, alleging that a Lifemark representative and Mikki had entered into a written agreement for a cemetery space, Mikki paid a security deposit which Lifemark acknowledged, but Lifemark denied them access to the cemetery.  Among other causes of action,[3] Mikki and her husband included a claim for violation of the CLRA, alleging they were consumers who entered into a transaction with Lifemark intended to result or resulting in the sale or lease of services, Lifemark made various false representations about its goods and services in violation of section 1770, subdivision (a), and they relied on Lifemark's false representations in deciding to purchase the space.  Mikki and her husband alleged:  "Plaintiffs are seeking injunctive relief, and [are] not currently seeking damages on this cause of action, and therefore Plaintiffs were not required to send a pre-filing notice to Lifemark pursuant to . . . section 1782."

Mikki thereafter noticed the deposition of a Lifemark employee, prompting Lifemark to seek a protective order to postpone discovery until after it filed its responsive pleading.  Lifemark then filed a demurrer.  Before the hearing on the demurrer, Mikki filed an amended complaint, dropping

---

[2]    At our request, the parties provided supplemental briefing on the effect, if any, of *Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th 634 on the availability of attorney fees in this case.

[3]    In addition to the CLRA claim, plaintiffs' complaint set out causes of action for breach of contract, violation of the Unruh Civil Rights Act (§ 51), negligence and violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200).

3

her husband's claims against Lifemark but retaining all causes of action including for injunctive relief under the CLRA.  In this pleading, Mikki alleged she entered into the cemetery space purchase agreement so her husband could be buried near her father, Lifemark accepted and acknowledged Mikki's deposit, but Lifemark later told her it would not supply the space, telling Mikki it had been sold to another customer, though it instead used it to install a bench.  Mikki alleged her husband died in September 2018 and was buried in another cemetery, making her extremely upset that he was not buried near her father.  Lifemark again demurred to the amended pleading.  In the interim, Mikki served written discovery and again sought to depose the Lifemark employee.  Lifemark renewed its motion for a protective order.

About a month later, Lifemark served, and Mikki accepted, a section 998 offer to compromise for payment to Mikki of $5,000.01.  The offer provides in part that Lifemark's payment "shall be exclusive of attorneys' fees and costs incurred as of the date of this offer."[4]  In March 2019 Mikki filed a

---

[4]     More fully, the section 998 offer provides:  "[P]ursuant to the provisions of . . . section 998, defendant Lifemark . . . puts forth the following statutory offer to compromise in exchange for a dismissal with prejudice of any and all claims asserted or that may be asserted by plaintiff Ilham Mikki on the terms set forth herein:  [¶]  1.  Payment on behalf of . . . Lifemark . . . in the amount of five thousand dollars and one cent ($5,000.01), which shall be exclusive of attorneys' fees and costs incurred as of the date of this offer.  [¶]  2.  This offer must be accepted in writing.  Plaintiff may indicate her acceptance of this offer by having her attorney sign in the space below and serving a copy of same on the undersigned counsel.  [¶]  3.  If the offer is accepted, a dismissal with prejudice shall be filed by plaintiff with the San Diego Superior Court as to . . . Lifemark. . . .  [¶]  Failure to agree to compromise in the manner set forth above in conjunction with this offer within the statutory period will result in the lapse of this offer by operation of law, whereupon it will no longer be available to plaintiff."

4

request for dismissal of her action with prejudice "pursuant to [the] . . . section 998 agreement." The dismissal provides that the court "did not waive court fees and costs for a party in this case."

Mikki thereafter moved for $67,000 in attorney fees under the CLRA. She maintained the section 998 offer's language that it was "exclusive of attorneys' fees and costs incurred as of the date of this offer" preserved her right to fees under *Timed Out LLC v. 13359 Corp.* (2018) 21 Cal.App.5th 933. Mikki argued the CLRA applied to her agreement; that she was a consumer and had entered into a transaction with Lifemark for goods or services within the meaning of the law. She argued an award of fees was mandatory under section 1780, subdivision (e) even when the litigation was resolved by pretrial settlement agreement. Mikki argued she was the prevailing party as the party with the net monetary recovery under Code of Civil Procedure section 1032, subdivision (a)(4), the amount of fees she sought was reasonable, and she should recover all of the sought-after fees without apportionment.

Lifemark opposed the motion, arguing that because Mikki did not receive the sole relief she sought under the CLRA—an injunction—she was not entitled to recover attorney fees as a matter of law. It argued that assuming she was entitled to any fees, such fees could not include fees incurred after the date of the offer or that were unnecessary or excessive to the action. Lifemark argued Mikki unnecessarily incurred fees in drafting her complaint and seeking unproductive court intervention, including on behalf of her husband. According to Lifemark, under *Benson v. Southern California Auto Sales, Inc.* (2015) 239 Cal.App.4th 1198 (*Benson*), a plaintiff who could not maintain a damages claim under the CLRA was not entitled to recover attorney fees based on a monetary settlement.

5

The trial court granted Mikki's motion in part, ordering Lifemark to pay $38,300 in attorney fees after reducing her request by $11,400 for fees incurred after the section 998 offer and allowing $2,700 in fees for bringing the motion. Finding the CLRA must be liberally construed to promote its underlying purpose, the court ruled the amount of fees did not need to be tied to any percentage of the recovery. It nevertheless reduced the fees an additional $20,000 "based upon apportionment with regard to [plaintiff's husband's] claims and because only one cause of action out of five allowed attorney's fees."

Lifemark filed this appeal from the order.[5]

## DISCUSSION

### I. *Standard of Review*

" 'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law.' " (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175; see also *Medina v. South Coast Car Co., Inc.* (2017) 15 Cal.App.5th 671, 683; *Benson*, *supra*, 239 Cal.App.4th at p. 1211; *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176 (*Kim*).) Where a court makes a prevailing party determination by comparing the parties' relative degrees of success, we

---

[5] "A dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim." (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91; see also *Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793 [" '[a] dismissal with prejudice . . . bars any future action on the same subject matter' "], citing cases.) The trial court's order awarding attorney fees is therefore an appealable order after judgment. (Code Civ. Proc., § 904, subd. (2).)

6

review the court's conclusion for an abuse of discretion.  (See *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 971; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148 (*Graciano*).)

Once a party has met the criteria for an attorney fee award, we assess the amount of the fee award for abuse of discretion, as that is a matter entrusted to the trial court's sound discretion.  (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 587; *Benson, supra*, 239 Cal.App.4th at p. 1207.)  Under either standard of review, a trial court will err by either failing to exercise discretion, or by taking " ' " ' "action that transgresses the confines of the applicable legal princip[les]" ' " ' " because such action is an abuse of discretion.  (*Kim, supra*, 149 Cal.App.4th at pp. 176-177; see *Graciano, supra*, 144 Cal.App.4th at p. 148.)

## II.  *The CLRA*

"The CLRA proscribes 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer[]' . . . ."  (*Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 608-609.)  Such proscribed acts include, for example, "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services"; "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have"; "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; "advertising goods or services with intent not to sell them as advertised"; and "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." (§ 1770, subd. (a)(2), (5), (7), (9), (16).)

7

" 'The Legislature enacted the CLRA "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." [Citation.] "To promote" these purposes, the Legislature directed that the CLRA "be liberally construed and applied." [Citation.]' " (*Valdez v. Seidner-Miller, Inc.*, *supra*, 33 Cal.App.5th at p. 609.)

"Section 1780, subdivision (a), provides, 'Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: [¶] (1) Actual damages. . . . [¶] (2) An order enjoining the methods, acts, or practices. [¶] (3) Restitution of property. [¶] (4) Punitive damages. [¶] (5) Any other relief that the court deems proper.' " (*Valdez v. Seidner-Miller, Inc.*, *supra*, 33 Cal.App.5th at p. 609.)

"At least 30 days 'prior to the commencement of an action for damages' under the CLRA, the consumer must provide written notice 'of the particular alleged violations of Section 1770' and '[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.' (§ 1782, subd. (a).) Further, 'no action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice.' (§ 1782, subd. (b).)" (*Valdez v. Seidner-Miller, Inc.*, *supra*, 33 Cal.App.5th at p. 609.)

The CLRA contains an attorney fee clause as follows: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to

8

a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." (§ 1780, subd. (e).) This clause provides for mandatory attorney fees to a prevailing plaintiff. (*Ibid*.; *Kim*, *supra*, 149 Cal.App.4th at p. 178.) " '[T]he availability of costs and attorneys fees to prevailing plaintiffs is integral to making the CLRA an effective piece of consumer legislation, increasing the financial feasibility of bringing suits under the statute.' " (*Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th at p. 644.)

### III. *Mikki's Entitlement to Attorney Fees*

Lifemark makes a series of contentions as to why Mikki is not entitled to an attorney fee award under the CLRA. It contends such an award is barred because Mikki could not and did not bring an action to recover CLRA damages. Lifemark points out Mikki did not satisfy pre-lawsuit demand requirements, and it asserts that under *Benson*, *supra*, 239 Cal.App.4th 1198, a plaintiff who cannot maintain a suit for damages under the CLRA is not entitled to attorney fees based on a monetary settlement. Lifemark maintains the trial court's ruling concerning the possibility of Mikki's amendment to seek damages was speculative and contrary to the CLRA. Lifemark further contends Mikki is not a prevailing party under the CLRA because (1) she failed to obtain either damages or her sought-after injunctive relief; and (2) she did not succeed on any significant issue, and its $5000.01 settlement payment was not a "monetary recovery" making her a prevailing party under either Code of Civil Procedure section 1032 or the CLRA. Lifemark argues that Mikki failed to state a CLRA or any other claim and did not prosecute her claims in good faith, precluding any attorney fee award.

9

A.  Benson *Is Not Pertinent to Mikki's Attorney Fee Claim*

We are unpersuaded by Lifemark's claims premised on *Benson*.  In *Benson*, the plaintiff filed suit against a car dealership, its owner, and a finance company after making a demand for correction under the CLRA, but failed to wait 30 days after his demand letter to file his complaint.  (*Benson*, *supra*, 239 Cal.App.4th at pp. 1203-1204.)  The defendants responded to the complaint with a settlement offer, after which the plaintiff demanded more money and rescission of the contract.  (*Id*. at p. 1204.)  The plaintiff then amended his complaint to add claims for CLRA damages.  (*Ibid*.)  Before trial, the dealership stipulated to a $34,500 judgment against it on the complaint, plus waiver of the loan on the condition the plaintiff return the vehicle and execute a release of all the defendants.  (*Ibid*.)  The settlement agreement allowed plaintiff to make a motion for attorney fees and costs and further allowed the defendants to contest the motion " 'on any grounds available to them' " (*id*. at p. 1205), including by contending they were the prevailing parties " 'in light of the pre-litigation offer per the CLRA.' "  (*Ibid*.)  The trial court denied plaintiff's motion for attorney fees and costs under CLRA on grounds plaintiff could not maintain an action for CLRA damages because the defendants had offered him an appropriate correction.  (*Ibid*.)

The Court of Appeal framed two issues for appeal:  "First, was [the dealership's] . . . offer an appropriate correction in response to [plaintiff's] notice, and, second, if it was, does the fact that [plaintiff] could not maintain an action for CLRA damages preclude him from seeking court costs and attorney fees under the statute?"  (*Benson*, *supra*, 239 Cal.App.4th at p. 1206.)  Explaining that the propriety of a correction offer was left to the lower court's discretion, the appellate court concluded the trial court did not err in deeming the correction offer appropriate, which "thereby negat[ed

10

plaintiff's] ability to maintain a cause of action for damages under [the CLRA]." (*Id.* at p. 1211.)

Turning to the attorney fees issue, the court held "that if a suit for damages cannot be maintained under the CLRA because a merchant offered an appropriate correction in response to a consumer's notice, then a plaintiff cannot collect attorney fees for such a suit." (*Benson*, *supra*, 239 Cal.App.4th at p. 1212.) The court analogized the CLRA's written notice requirement to exhaustion of administrative remedies or a notice to a local public entity of intent to sue for money or damages, such that "a lawsuit cannot go forward until the potential plaintiff has received a response to a notice or the time for responding has expired." (*Ibid.*) "If the plaintiff sues without fulfilling this requirement, the lawsuits are fatally defective from the beginning. It follows, then, that the plaintiff should not be able to make the defendants pay his or her attorneys for filing and maintaining such a suit. Attorney fees are not recoverable in actions for damages under the CLRA unless the response to the notice letter is not an appropriate one or no response is forthcoming within the statutory time period." (*Ibid.*) The court concluded: "To the extent [plaintiff's] suit was one for damages, it should not have been filed after [the dealership] offered an appropriate correction, and he cannot require the defendants to pay attorney fees for a suit to obtain damages." (*Id.* at p. 1213.) In reaching this holding, the court emphasized that because the parties had not briefed or argued the issue: "[W]e do not here address the requirements for an attorney fee award based on a request for injunctive relief." (*Ibid.*)

Assuming arguendo we agree with *Benson*'s holding, it is not pertinent to Mikki's claim for attorney fees. *Benson* made clear that the plaintiff in that case sought to allege a claim for damages but failed to meet the

11

prelawsuit notice requirements, and thus her lawsuit was fatally defective, precluding an attorney fee award. Here, Mikki did not seek damages in her lawsuit; she disclaimed damages and only sought injunctive relief. As summarized above, *Benson* expressly did not reach the propriety of an attorney fee award in this instance. (*Benson*, *supra*, 239 Cal.App.4th at p. 1213.) Mikki was entitled to sue for injunctive relief under the CLRA without complying with the CLRA's prelawsuit notice requirement, so her lawsuit, unlike the plaintiff's in *Benson*, was not "fatally defective from the beginning" so as to entirely preclude her from seeking to prove some entitlement to attorney fees. (*Id.* at p. 1212.)

*Benson*'s limitation was recognized by the Ninth Circuit Court of Appeals in *Gonzales v. CarMax Auto Superstores, LLC* (9th Cir. 2017) 845 F.3d 916 (*Gonzales*). In *Gonzales*, a car purchaser sought only injunctive relief and attorney fees under the CLRA, disclaiming damages like Mikki. (*Gonzales*, at p. 917.) On the plaintiff's application for appellate attorney fees, the defendant argued it made a timely and proper CLRA correction offer that the plaintiff had rejected, precluding him from recovering attorney fees. (*Id.* at pp. 917-918.)

The Ninth Circuit observed that the CLRA explicitly authorizes injunctive relief as well as " '[a]ny other relief that the court deems proper.' " (*Gonzales*, *supra*, 845 F.3d at p. 918.) It explained that the California Supreme Court in *Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th 634 noted that the CLRA in section 1782, subdivision (d) " 'contemplates the filing of a CLRA action for injunctive relief alone, and such actions are not subject to the requirements of subdivisions (a) and (b) of notice and allowance for voluntary correction,' which apply only to an action for damages." (*Gonzales*, at p. 918, quoting *Meyer*, at p. 644.) Thus, *Gonzales* held defendant's

12

correction offer "whether it was appropriate or not" did not bar the plaintiff from recovering attorney fees. (*Id*. at p. 917.) In reaching its conclusion, the Ninth Circuit observed that *Benson*, *supra*, 239 Cal.App.4th 1198 "explicitly declined to 'address the requirements for an attorney fee award based on a request for injunctive relief.' " (*Gonzales*, at p. 918.)

The Ninth Circuit did not address whether the plaintiff demonstrated he had prevailed, however. It went on to say it was for the trial court in the first instance to decide whether the plaintiff was a prevailing party. (*Gonzales*, *supra*, 845 F.3d at p. 918.)

In sum, *Benson* does not support the conclusion urged by Lifemark here that a plaintiff's failure to satisfy prelawsuit notice requirements necessarily bars an attorney fee award under the CLRA. Because Mikki was not required to comply with the procedural notice requirements in section 1782, the court's ruling—at least insofar as it proceeded to allow Mikki to make her attorney fee motion and attempt to establish she was a prevailing party—did not "contradict[] the clear intent and language of the CLRA."

B. *Prevailing Party Determination*

The question remains whether Mikki, whose CLRA cause of action sought strictly injunctive relief, showed she is entitled to recover attorney fees under that statute. Mikki was not prevented from arguing she was the prevailing party by the section 998 offer itself. The 998 offer here, which we may interpret de novo (*Linton v. County of Contra Costa* (2019) 31 Cal.App.5th 628, 635), provides that Lifemark's settlement payment is "exclusive of attorney fees and costs incurred as of the date of this offer" but it does not otherwise address apportionment of costs and fees. (Accord, *Doran v. North State Grocery, Inc.* (2006) 137 Cal.App.4th 484, 487.) "Indisputably, a section 998 offer that is silent as to attorney fees cannot

13

reasonably be interpreted as excluding such recovery to the prevailing party, provided attorney fees are authorized by statute or contract." (*Linton*, at p. 632; *Wohlgemuth v. Caterpillar, Inc.* (2012) 207 Cal.App.4th 1252, 1259.) A section 998 offer " 'excludes [attorney] fees *only* if it says so expressly.' " (*Wohlgemuth*, at p. 1259.)  Under this standard, the section 998 offer in this case did not prevent Mikki from seeking to establish she was entitled to such recovery.  But the section 998 offer did not deem Mikki to be the prevailing party, mandate an award of attorney fees, or otherwise establish Mikki suffered damage, and, as we explain below, that omission is fatal to her ability to show she prevailed on her CLRA cause of action.

The CLRA's attorney fee clause is simple, providing:  "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." (§ 1780, subd. (e).)  It requires only that the plaintiff have filed litigation "pursuant to this section" and prevailed.  The California Supreme Court has addressed the attorney fee clause's "pursuant to this section" language, and found it creates a prerequisite for a plaintiff to obtain attorney fees under the CLRA: the consumer must have established she suffered "some 'damage' " as a result of the claimed unlawful practices. (*Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th at p. 644.)

*Meyer* examined the CLRA's standing provision, section 1780, subdivision (a), and held that unless a plaintiff alleges he or she has suffered "some kind of damage" resulting from a CLRA violation, there is no standing under the statute:  "[T]he statute provides that in order to bring a CLRA action, not only must the consumer be exposed to an unlawful practice, but some kind of damage must result.  If the Legislature had intended to equate 'any damage' with being subject to the unlawful practice by itself, it presumably would have omitted the causal link between 'any damage' and

14

the unlawful practice, and instead would have provided something like, 'any consumer who is subject to a method, act, or practice declared to be unlawful by Section 1770 may bring an action' under the CLRA." (*Id*. at p. 641; see also *Hansen v. Newegg.com Americas, Inc.* (2018) 25 Cal.App.5th 714, 724 [under CLRA, "consumer must merely 'experience some kind of damage' or 'some type of increased costs' as a result of the unlawful practice"]; *Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1556.)  The *Meyer* court explained the phrase "any damages" in section 1780 does not mean actual or pecuniary damages; given its breadth, it may include harms other than pecuniary damages—e.g., lost money or property—as well as damages representing transaction or opportunity costs.  (*Id*. at pp. 640 & fn. 1.)  It is a "low but nonetheless palpable threshold of damage . . . ."  (*Id*. at p. 646.)

In reaching this conclusion, the court addressed the plaintiffs' argument that the CLRA did not preclude a person who suffered no damage from obtaining injunctive relief.  (*Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th at p. 643.)  It acknowledged section 1782, subdivision (d) of the CLRA contemplates actions for solely injunctive relief, and such actions were not subject to the pre-lawsuit correction demand requirement.  (*Id*. at p. 644.)  The court explained this provision did not alter the basic requirement that a plaintiff suffer some damage as a result of unlawful practices.  (*Id*. at p. 644.)  The court found a "problem" with concluding otherwise having "to do with the availability of attorney fees for prevailing plaintiffs."  (*Id*. at p. 644.)  It stated:  "The attorney fee provision is to be found in [now section 1780, subdivision (e)], which states that the court 'shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed *pursuant to this section*.'  Thus, *by its terms, attorney fees are not available under the CLRA for actions that do not meet the requirements of section 1780, including the*

15

*requirement that the consumer suffer some 'damage' as the result of specified unlawful practices.* We do not believe the Legislature intended to authorize a CLRA action in which the critical attorney fee remedy would be lacking." (*Id.* at p. 644, some italics added.)

*Meyer* also addressed the plaintiffs' policy-based argument urging a different conclusion based on the fact the CLRA should be " 'liberally construed and applied to promote its underlying purpose[] [of protecting] consumers against unfair and deceptive business practices.' " (*Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th at p. 645.) According to the plaintiffs, a preemptive claim against unlawful practices, even without injury, was consistent with the CLRA's purpose. The court rejected the argument: "[A] mandate to construe a statute liberally in light of its underlying remedial purpose does not mean that courts can impose on the statute a construction not reasonably supported by the statutory language. [Citation.] . . . [P]laintiffs do not advance a reasonable construction of the CLRA that would permit a lawsuit based on that statute when a plaintiff has not suffered damage as a result of the practices proscribed by section 1770." (*Ibid.*)

Lifemark contends Mikki did not prevail; it points out she did not obtain her sought-after injunctive relief or succeed on any significant issue, but received only a "nuisance-based" $5,000.01 payment having no relationship to her CLRA cause of action, which did not seek damages. Lifemark also argues Mikki cannot prevail based on obtaining a "net monetary recovery" under Code of Civil Procedure section 1032, because this court in *Graciano* rejected the notion that the net monetary recovery definition controls the prevailing party determination. (*Graciano, supra,* 144 Cal.App.4th at p. 153.) It maintains Mikki failed to state a CLRA or any

16

other cause of action and she did not prosecute her claims in good faith, precluding an attorney fee award.[6]

Even if *Meyer*'s discussion of CLRA attorney fees can be characterized as dictum, it is persuasive and generally speaking, we should follow it. (*Aviles-Rodriguez v. Los Angeles Community College Dist.* (2017) 14 Cal.App.5th 981, 990.) We agree Mikki cannot recover attorney fees on her CLRA cause of action because she has not shown it meets the requirement of section 1780 that she suffer some damage as a result of unlawful practices. Mikki did not allege she suffered a tangible loss of money or property, nor do her allegations reflect some other transaction or opportunity costs as a result of Lifemark's alleged misconduct. (*Meyer v. Sprint Spectrum L.P.*, *supra*, 45 Cal.4th at p. 640.) To the contrary, she expressly disclaimed damages in connection with her CLRA claim.

In this way, the CLRA's predicate that a plaintiff must suffer some damage to qualify for attorney fees under the CLRA is like other statutes— such as the Unruh Act—which require a finding of the defendant's liability as a predicate to an statutory attorney fee award. (See *Doran v. North State Grocery, Inc.*, *supra*, 137 Cal.App.4th at pp. 489-491 [Unruh Act only

---

[6] This latter argument is without merit. The CLRA provides that a defendant may be a prevailing party where the plaintiff's prosecution of the action was not in good faith. (§ 1780, subd. (e).) From this, Lifemark argues "it can be inferred that a plaintiff who does not prosecute an action in good faith is not entitled to fees." Lifemark goes on to assert that *it* is the prevailing party on Mikki's CLRA claim, and it should be entitled to recover its fees. But Lifemark did not seek attorney fees below, and expressly disclaimed any intent to do so. And the CLRA cannot be reasonably interpreted as Lifemark asserts; the Legislature in the CLRA did not insert a bad faith exception on a prevailing plaintiff's recovery of attorney fees, and we may not import such language into section 1780, subdivision (e). (*Kim v. Reins International California, Inc.*, *supra*, 9 Cal.5th at p. 85.) If Mikki prevailed on her CLRA claim, her subjective bad faith is irrelevant.

authorizes an award of attorney fees to a person " 'denied the rights provided in' " specified Unruh Act provisions]; accord, *Linton v. County of Contra Costa*, *supra*, 31 Cal.App.5th at p. 634 [provision of Disabled Persons Act (DPA) imposing liability for attorney fees on a person "who denies or interferes with admittance to or enjoyment of the public facilities as specified in [other DPA provisions] or otherwise interferes with the rights of an individual with a disability under [specified DPA provisions]" required a finding of defendant's liability to authorize statutory attorney fees].) Thus, in *Doran*, the Court of Appeal reversed an attorney fee award to the plaintiff who had accepted a $10,000 section 998 compromise offer that was silent on whether the defendant had violated the Unruh Act. (*Doran*, at pp. 491-492.) The court observed that a section 998 compromise settlement is not an adjudication of liability. (*Id.* at p. 491.) And, because the settlement operated as a bar to reopening the controversy, the plaintiff was "precluded at this late stage from establishing that [defendant] denied him any rights guaranteed by [the Unruh Act]," so as to entitle him to attorney fees. (*Id.* at p. 492.) "Applying the rule that a compromise settlement concludes those matters put in issue by the pleadings, the offer to compromise [plaintiff] accepted bars the reopening of whether [defendant] denied [plaintiff] any rights guaranteed by [the Unruh Act's] section 51—the same issue [plaintiff] would need to address to prevail on a claim for attorney fees." (*Ibid.*)

As in *Doran*, the section 998 payment in compromise did not make Mikki the prevailing party. Lifemark did not admit liability in connection with the settlement, and the parties did not deem the payment damages. Mikki is now barred from establishing she suffered some tangible measure of damage as a result of an alleged CLRA violation by Lifemark. As a result,

18

and because the section 998 offer is silent concerning any damages suffered by Mikki, we must reverse the attorney fees award.

IV. *Mikki's Arguments Do Not Compel a Different Result*

Mikki's various arguments do not persuade us to reach a different conclusion.

A. *Arguments Based on the Section 998 Offer*

Mikki contends the settlement pursuant to section 998 is "decisive" of the parties' rights and bars reopening the original controversy with respect to attorney fees. She uses this rationale to maintain that Lifemark can no longer assert she failed to meet pre-lawsuit demand requirements. Mikki is correct about the effect of the section 998 settlement, but the theory operates to her detriment as we have concluded above. We have rejected Lifemark's argument based on *Benson* and the need for a pre-filing correction demand, so we need not further address Mikki's contention.[7]

---

[7] Likewise, we need not address Mikki's arguments that Lifemark waived any issue concerning the demand letter by not addressing it in its section 998 offer or she did not need to meet CLRA prefiling demand requirements because she sought restitution, which does not require such a demand letter. In connection with her section 998 arguments, Mikki asks this court to take judicial notice of an unpublished opinion "for the limited purpose of any persuasive value of the analysis therein." We deny the request. A court may take judicial notice of prior unpublished opinions in related appeals (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171, 1173), or opinions that are part of its court records. (Evid. Code, § 452, subd. (d).) The unpublished opinion is neither and it is not citable authority. (Cal. Rules of Court, rule 8.1115(a) [with exceptions not applicable, "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action"]; *People v. Evans* (2011) 200 Cal.App.4th 735, 752, fn. 11; *Moss v. Kroner* (2011) 197 Cal.App.4th 860, 874, fn. 6.)

Mikki further contends the section 998 offer must be construed in her favor, suggesting doing so means she "achieved the more favorable recovery." In supplemental briefing, Mikki argues "Lifemark recognized it caused 'any damage' to [her] through its violation of the CLRA by offering to pay '$5,000.01, exclusive of attorneys' fees and costs' in a 998 offer without restrictions or limitations . . . ." To the extent Mikki is saying the section 998 offer may be interpreted as a concession she suffered damage, we disagree. As we have stated, it is silent on damages. Mikki suggests the court in *Timed Out LLC v. 13359 Corp., supra*, 21 Cal.App.5th 933, interpreted a section 998 offer with similar language to "preserve a Plaintiff's right to attorney fees and costs . . . ." The case is inapposite, and does not support a conclusion that Mikki somehow prevailed for purposes of the CLRA. In *Timed Out*, the Court of Appeal interpreted a section 998 offer to pay a total sum "exclusive of reasonable costs and attorney[] fees, if any" (an offer the plaintiff did not accept) as preserving the plaintiff's right to be declared the prevailing party on her statutory misappropriation claim in a subsequent attorney fee motion. (*Id.* at pp. 936, 942-944.) The issue was whether the plaintiff, who had prevailed in a bench trial and been awarded damages by the court, was limited to pre-offer attorney fees and costs because she had not achieved a more favorable judgment under section 998. (*Id.* at pp. 935-936.) The Court of Appeal rejected plaintiff's arguments seeking to invalidate the section 998 offer as ambiguous, and in doing so, pointed out the plaintiff had incurred significant attorney fees and costs that would have been factored into the calculus of whether she had achieved the more favorable recovery. (*Id.* at pp. 943-946.) *Timed Out* does not support the proposition Lifemark's section 998 settlement payment made Mikki a prevailing party under the CLRA.

20

B. *Net Monetary Recovery Argument*

Citing *Kim*, *supra*, 149 Cal.App.4th 170, Mikki similarly contends that because she was the party with the net monetary recovery, she prevailed in her lawsuit. Even if we did not reach our conclusion above, this argument would not persuade us. Section 1032's definition of prevailing party does not control when another statute provides for different means of allocating costs, and its definition does not apply to attorney fee statutes or other statutes that contain a prevailing party concept. (See *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147; *John Russo Industrial Sheetmetal, Inc. v. City of Los Angeles Dept. of Airports* (2018) 29 Cal.App.5th 378, 385.) We have declined to use the section 1032 definition, instead opting for a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level. (See *Graciano*, *supra*, 144 Cal.App.4th at p. 150.)

C. *Unruh Act*

Mikki argues she alleged a claim under the Unruh Act, which provides for an award of attorney fees, comparing the circumstances to those in *Doran v. North State Grocery, Inc.*, *supra*, 137 Cal.App.4th 484. It is not entirely clear whether Mikki is asserting she is entitled to fees under the Unruh Act, as Lifemark interprets her argument. Such an argument fails because Mikki did not make it below. (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 993.) We would reject it in any event. As we have explained, and Mikki acknowledges, the Unruh Act requires a finding of the defendant's liability as a predicate to an attorney fee award. (*Doran v. North State Grocery, Inc.*, *supra*, 137 Cal.App.4th at pp. 489-491.) The parties here did not make such a liability determination; the section 998 offer was silent on the point. (Accord, *id.* at pp. 491-492.)

D. *Restitution*

Mikki argues she sought restitution under the CLRA, which she maintains does not require a CLRA pre-lawsuit demand letter. She makes a similar argument in her supplemental brief, which is unrelated to the point on which we sought additional briefing. The arguments go to the same point we have already rejected above. To the extent Mikki argues a demand for, or recovery of, restitution bears on her status as a prevailing party, Mikki did not make the point below, and any such argument is forfeited. (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.*, *supra*, 36 Cal.App.5th at p. 993.)

## DISPOSITION

The order is reversed. The parties shall bear their own costs on appeal.


O'ROURKE, J.


WE CONCUR:



BENKE, Acting P. J.



AARON, J.

22